OPINION
{¶ 1} Defendant-appellant American National Fire Insurance Company [hereinafter American National] appeals from the December 20, 2002, Judgment Entry of the Stark County Court of Common Pleas which granted Summary Judgment in favor of plaintiffs-appellees Heath Mason and the Estate of Daniel Mason, deceased [hereinafter appellees].
 STATEMENTOFTHE FACTS AND CASE {¶ 2} On August 8, 1998, Daniel Mason was killed in a two vehicle accident. Daniel Mason was operating a motorcycle which collided with an automobile operated by Janelle Brown. At the time of his death, Daniel Mason resided at the same address as his son, Heath Mason. At the time of the accident, Heath Mason was employed at Trilogy Plastics, Inc. in Louisville, Ohio. Trilogy Plastics was insured by American National.
 {¶ 3} On or about January 19, 1999, Heath Mason, acting in his individual capacity and in his capacity as executor of Daniel Mason's Estate, signed a "Release of Claims" in favor of the tortfeasor, Janelle Brown. By so doing, all claims against Janelle Brown in connection with the August 8, 1998, accident were released in exchange for a payment of $100,000.00.
 {¶ 4} On February 21, 2001, appellee filed a declaratory judgment action against American National and a number of other insurance companies.[1] In the complaint, appellee alleged that American National insured Daniel Mason and Heath Mason under three separate policies of insurance, issued by American National to Trilogy Plastics, Inc., Heath Mason's employer. The coverage was sought pursuant to Scott-Pontzer v.Liberty Mut. Ins. Co. (1999), 85 Ohio St.3d 660 and its prodigy. Appellee alleged that the following policies provided coverage: 1) a general liability policy, with a limit of $1,000,000.00; 2) a business automobile policy, with a limit of $1,000,000.00; and 3) an umbrella liability policy, with a liability limit of $2,000,000.00.
 {¶ 5} On December 5, 2001, appellee filed a Motion for Summary Judgment alleging entitlement to benefits under Trilogy Plastic, Inc.'s American National policies. On that same date, appellant, American National, filed a Motion for Summary Judgment as well.
 {¶ 6} On December 16, 2002, the trial court filed a Judgment Entry, which found that: 1) the American National commercial auto liability policy did extend coverage to Daniel Mason's Estate and to Heath Mason in the amount of $1,000,000.00; 2) the American National commercial general liability policy did extend coverage to Daniel Mason's Estate and to Heath Mason in the amount of $1,000,000.00; and 3) the American National umbrella policy did extend coverage to Daniel Mason's Estate and to Heath Mason in the amount of $2,000,000.00. On December 20, 2002, the trial court filed a Nunc Pro Tunc Order adding Civ. R. 54(B) language.
 {¶ 7} Thus, it is from the December 20, 2002, Judgment Entry of the trial court that appellant appeals, raising the following assignments of error:
 {¶ 8} "I. The trial court erred in finding that the American National Fire Commercial Automobile policy provided underinsured motorist coverage for Heath Mason and the estate of Daniel Mason.
 {¶ 9} "II. The trial court erred in finding that the American National Fire CGL policy was an automobile liability Insurance Policy subject to R.C. 3937.18, and that the appellees were entitled to coverage under the policy.
 {¶ 10} "III. The trial court erred in finding that the American National Fire Umbrella policy provided underinsured motorist coverage to appellees."
 I {¶ 11} In the first assignment of error, appellant argues that the trial court erred in finding that the American National commercial auto policy [hereinafter CAP] provided underinsured coverage for Heath Mason and the Estate of Daniel Mason [hereinafter appellees]. We agree.
 {¶ 12} Appellee-plaintiff Heath Mason was an employee of Trilogy Plastics. Daniel Mason was Heath Mason's family member (father).
 {¶ 13} Daniel Mason was killed while operating his own motorcycle while on personal business. Heath Mason is Daniel Mason's son. InWestfield Insurance Company v. Galatis, the Ohio Supreme Court ruled that "a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Westfield Insurance Company v. Galatis,100 Ohio St.3d 216, 797 N.E.2d 1256, 2003-Ohio-5849, paragraph 2 of syllabus. The Court further held that "[w]here a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id. at paragraph 3 of syllabus.
 {¶ 14} It is undisputed that the accident in this case did not involve an employee of Trilogy Plastics or Trilogy Southern while in the course and scope of employment. Furthermore, neither Heath nor Daniel Mason are named insureds. Thus, assuming arguendo, that the CAP provided UM/UIM coverage by operation of law, appellees would not be insureds. Accordingly, we find that, pursuant to Galatis, appellees are not entitled to coverage.
 {¶ 15} Thus, appellant American National's first assignment of error is sustained.
 II {¶ 16} In the second assignment of error, appellant contends that the trial court erred when it found that the American National commercial general policy [hereinafter CGL] was an automobile liability insurance policy subject to R.C. 3937.18. Appellant further argues that even if the CGL is an automobile liability insurance policy subject to R.C. 3937.18, Heath Mason and Daniel Mason's Estate were not entitled to coverage. We agree.
 {¶ 17} Assuming, arguendo, that the CGL would be considered an automobile liability policy, through which coverage arose by operation of law, appellees are not entitled to UM/UIM coverage. Pursuant to the Ohio Supreme Court's recent decision in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 797 N.E.2d 1256, 2003-Ohio-5849 and In re Uninsuredand Underinsured Motorist Coverage Cases, 100 Ohio St.3d 302,2003-Ohio-5888, when UM/UIM coverage arises by operation of law through a policy that names a corporation as the named insured, such coverage extends only to employees who suffer the loss or injury while in the course and scope of their employment. Because this accident did not involve an employee who was acting within the course and scope of employment, appellees are not entitled to UM/UIM benefits from the policy.
 {¶ 18} Accordingly, appellant's second assignment of error is sustained.
 III {¶ 19} In the third assignment of error, American National argues that the trial court erred when it found that appellees were entitled to coverage under the umbrella liability insurance policy issued to Trilogy Plastics. We agree.
 {¶ 20} American National implicitly concedes that UM/UIM coverage arose by operation of law. However, as stated in assignment of error II, such coverage extends only to employees who suffer the loss or injury while in the course and scope of their employment. Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 797 N.E.2d 1256, 2003-Ohio-5849 and In reUninsured and Underinsured Motorist Coverage Cases, 100 Ohio St.3d 302,2003-Ohio-5888. Because this accident did not involve an employee who was acting within the course and scope of employment, appellees are not entitled to UM/UIM benefits from the umbrella policy.
 {¶ 21} Appellant's third assignment of error is sustained.
 {¶ 22} The judgment of the Stark County Court of Common pleas is reversed and judgment shall be entered in favor of appellant American National Fire Insurance Company on its Motion for Summary Judgment regarding its general liability policy, business automobile policy and umbrella policy issued to Trilogy Plastics, Inc.
Edwards, J., Gwin, P.J. and Hoffman, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed. Judgment is granted to appellant American National Fire Insurance Company on its Motion for Summary Judgment regarding its general liability policy, business automobile policy and umbrella policy issued to Trilogy Plastics, Inc. Costs assessed to appellees.
[1] The following are related appeals which concern other claims against other insurance companies: 2003CA00012, 2003CA00028 and 2003CA00029.